## COMMONWEALTH *vs.* URIAH W. CARR.

On the trial, upon appeal, of a complaint for unlawfully keeping intoxicating liquor on a certain day with intent to sell, there was evidence of such keeping at several times, but the Commonwealth relied upon the offence committed upon the day charged; the judge ruled that time was of the essence of the offence, and that the presumption was that the offence was the same as that for which the defendant was convicted in the court below. There was no evidence that the offence was not the same. *Held,* that although time was not of the essence of the offence, the presumption was as stated; and that therefore the defendant had no ground of exception.

On the trial of a complaint for unlawfully keeping intoxicating liquor with intent to sell, a witness was asked "to state, if he knew," that barrels found in the defendant's shop "were usually called by any particular name, what that name was he called them," and he answered, against the defendant's objection, that he called them whiskey barrels. *Held,* that this answer might be interpreted as meaning that they were usually called whiskey barrels, and that an exception would not lie to the admission of the evidence, unless the bill of exceptions showed that such was not its meaning.

MORTON, J.    The defendant being convicted in the Municipal Court of the city of Boston appealed to the Superior Court. The complaint charges that the defendant at Boston on June 29, 1872, did keep intoxicating liquors with intent to sell the same unlawfully. At the trial in the Superior Court the Commonwealth put in evidence tending to show that the defendant on said June 29, kept intoxicating liquors in his shop with intent to sell the same unlawfully, and also evidence that on several days in June prior to the twenty-ninth he had sold liquors in his shop. The prosecuting officer stated that he relied upon the offence of keeping liquors on June 29 and not on the other prior days testified to.

The defendant contended, in substance, that the jury could convict him only of the same offence of which he was convicted in

the court below; that as time was not of the essence of the
offence, the court below may have convicted him of any one of
the offences testified to; that is, of keeping liquor on some other
day than June 29. The presiding judge instructed the jury that
" they must be satisfied that the offence was the same complained
of and tried in the court below; that time was of the essence of
the offence, and therefore the court below could not have legally
convicted the defendant of any offence except of the one com-
mitted on June 29; and that the jury could presume that the
court below convicted the defendant of the offence now testified
to as having been committed on that day."

We are of opinion that the learned judge erred in stating to
the jury that time was of the essence of the offence. The statute
makes it unlawful for any person to own, possess or keep intoxi-
cating liquor with intent to sell the same contrary to law. The
offence thus created consists of a single act and not of a series or
succession of acts constituting a habit or business, and time is not
material. *Commonwealth* v. *Cleary*, 105 Mass. 384. It does not
fall within the authority of *Commonwealth* v. *Elwell*, 1 Gray, 463,
which was an indictment for being a common seller of intoxicating
liquor. But this part of the instructions was immaterial and could
not prejudice the defendant. There was no evidence to show that
the offence relied on at this trial was not the same offence of which
the defendant was convicted in the Municipal Court. Upon the
trial of an appealed case, if the evidence supports the allegations
of the complaint, the presumption is that the offence which it
proves is the same as that proved before the inferior court, in the
absence of any evidence to the contrary. *Commonwealth* v. *Ho-
gan*, 11 Gray, 315. *Commonwealth* v. *Burke*, 14 Gray, 81. *Com-
monwealth* v. *Maloney*, 16 Gray, 20. The instruction given, that
the jury could presume that the court below convicted the defend-
ant of the offence now testified to as having been committed on
June 29, was sufficiently favorable to the defendant. The fact
that the court stated a wrong reason for the presumption is not
material. The defendant was not thereby aggrieved, as the rule
of action for the jury was stated in a manner of which he has no
right to complain.

The only other exception is to the admission of the testimony of a witness for the government as to the name by which he called certain barrels found in the shop of the defendant. The witness was asked " to state, if he knew they were usually called by any particular name, what that name was he called them." He replied " that he called them whiskey barrels." If he intended and was understood by the jury to express his opinion that they were whiskey barrels, the evidence would be incompetent. But if he intended to testify that they were usually known and called by the name of whiskey barrels, it was admissible. The question and answer may perhaps admit of either interpretation, but we think the latter is the fairer construction, and that the jury must have so understood the witness. The bill of exceptions does not show that the testimony was inadmissible, and therefore this exception cannot be sustained.          *Exceptions overruled.*

*C. Robinson, Jr.*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.